IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIDNEY SAM, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2521 |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
|     Defendant. | § | |

## <u>MEMORANDUM AND ORDER</u>

This Hurricane Ike case is before the Court on Defendant National Lloyds Insurance Company's Motion to Exclude Testimony of Plaintiffs' Experts ("Motion") [Doc. # 14], in which Defendant seeks to exclude testimony from Plaintiffs' experts Halley Lovato and D.K. Bowles because Plaintiffs "failed to produce any expert reports" from those designated experts. *See* Motion, ¶ 6. Plaintiffs filed a Response [Doc. # 17], noting that they had provided their experts' reports, including an 85-page report by Lovato, in connection with the Initial Disclosures on November 10, 2010. Defendant neither filed a reply nor requested additional time to do so. The Court **denies** the Motion.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure states that a witness who is "retained or specially employed to provide expert testimony in the case" must provide during the discovery period, a "written report" containing, *inter alia*, "a

complete statement of all opinions the witness will express and the basis for them." FED. R. CIV. P. 26(a)(2)(B). In this case, Plaintiffs retained Lovato and Bowles during the initial claims investigation period. The opinions of Lovato and Bowles were provided to Defendant's representatives before this lawsuit was filed. After the lawsuit was filed, Plaintiffs identified Lovato and Bowles as expert witnesses and provided written reports from each designated expert in connection with the Initial Disclosures. Plaintiffs have represented to the Court that they expect the experts' testimony "to be consistent with these reports." *See* Response, p. 8. Lovato has been deposed by Defendant and the parties are working to schedule Bowles's deposition.

Plaintiffs provided expert reports to Defendant in November 2010, and Plaintiffs have represented that the experts' testimony will not vary from those original reports. As a result, the Court concludes that Plaintiffs have substantially complied with the requirements of Rule 26(a)(2)(B), and it is hereby

**ORDERED** that the Motion to Exclude Testimony of Plaintiffs' Experts [Doc. # 14] is **DENIED**. Consistent with Plaintiffs' representations in this case, Lovato and Bowles will not be permitted to testify beyond what they provided in their expert reports in November 2010.

SIGNED at Houston, Texas, this 4th day of **October, 2011**.

Nancy F. Atlas
United States District Judge