IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIDNEY SAM, *et al.*,<br>    Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-10-2521 |
| NATIONAL LLOYDS INSURANCE<br>COMPANY,<br>    Defendant. | §<br>§<br>§<br>§ | |

## **MEMORANDUM AND ORDER**

This Hurricane Ike case is before the Court on the Motion to Compel Appraisal ("Motion") [Doc. # 15] filed by Plaintiffs Sidney Sam and Bettie Jean Sam, to which Defendant National Lloyds Insurance Company ("Lloyds") filed a Response [Doc. # 19], and Plaintiffs filed a Reply [Doc. # 20]. Having reviewed the record and applicable legal authorities, the Court **denies** the Motion.

## **I.    BACKGROUND**

Plaintiffs were insured under a Standard Flood Insurance Policy ("SFIP") issued by Lloyds pursuant to the National Flood Insurance Program ("NFIP"). Plaintiffs' apartment building was damaged by flood waters following Hurricane Ike. Plaintiffs submitted their claim to Lloyds, which determined that the flood damage to the building and its contents would require repairs in the amount of $100,622.67. Plaintiffs submitted a request for supplemental payment in the total amount of

$249,000.00, or an additional amount of $148,377.33 beyond the amount offered by Lloyds. The additional payment included $39,000.00 for the presence of a "Commercial Superintendent on site for 3 months for commercial restoration." *See* T.O.P. Construction Estimate, Exh. 5 to Response.

On April 21, 2010, Plaintiffs demanded an appraisal. On May 3, 2010, Lloyds denied the request. Plaintiffs filed this Motion to Compel Appraisal on September 15, 2011.[1] The Motion has been fully briefed and is now ripe for decision.

## II.   ANALYSIS

"Congress created the National Flood Insurance Program ("NFIP") to offer flood insurance at rates that were uneconomical for private companies." *Dwyer v. Fidelity Nat. Prop. and Cas. Ins. Co.*, 565 F.3d 284, 285 (5th Cir. 2009) (citing *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir. 1998)). The Federal Emergency Management Agency ("FEMA"), which administers the program, has established the Standard Flood Insurance Policy ("SFIP"). *Id.*

The SFIP includes an appraisal provision, allowing either party to demand an appraisal "of the loss" if they cannot agree "on the actual cash value or, if applicable, replacement cost of [the] damaged property to settle upon the amount of loss." 44

---

[1]   Lloyds does not argue that Plaintiffs' delay between May 3, 2010, and September 15, 2011, constitutes a waiver of any right to demand an appraisal.

C.F.R. Pt. 61, App. A(1), Art. VII(P). This appraisal clause can be invoked only to resolve disagreements between the parties regarding the "actual cash value or, if applicable, replacement cost of the damaged property." *See De la Cruz v. Bankers Ins. Co.*, 237 F. Supp. 2d 1370, 1373 (S.D. Fla. 2002); *Apple v. Allstate Ins. Co.*, 2010 WL 2509887, *2 (M.D. Fla June 18, 2010); *Flaharty v. Allstate Ins. Co.*, 2010 WL 148226, *3 (N.D. Fla. Jan. 11, 2010). "Congress expressly limited the application of the appraisal clause to matters where coverage is not at issue and the only dispute remaining between [the parties] is the quantum of the loss . . .." *Apple*, 2010 WL 2509887 at *2. Where the insured requests compensation for items that the insurer asserts are not covered by the SFIP, the dispute is "outside the ambit of the appraisal clause." *De la Cruz*, 237 F. Supp. 2d at 1375; *see also Apple*, 2010 WL 2509887 at *3.

In *De la Cruz*, the case relied upon by Plaintiffs, the Florida Court noted that the insured both challenged the extent of damage to items which were admittedly covered and requested compensation for additional items. *See De la Cruz*, 237 F. Supp. 2d at 1375. As a result, the Court in that case held that the dispute was "outside the ambit of the appraisal clause." *Id.* Similarly, in this case, there are disputes regarding how badly a covered item was damaged and whether it needed to be repaired or replaced, as well as disputes regarding whether other items – such as the

presence of the commercial superintendent – are covered at all.  As in *De la Cruz*, this inclusion of a coverage dispute places the case outside the appraisal clause of the SFIP.

In *Apple*, a case virtually indistinguishable from the case at bar, the insureds sought supplemental payment for several items, including reimbursement for packing and storing the contents of their residence.  The insurer argued that packing and storing the contents of a residence were items not covered by the SFIP.  *Apple*, 2010 WL 2509887 at *2.  The Florida Court noted that the dispute regarding the packing and storing charges was a dispute over coverage for those charges and, as a result, held that the appraisal clause was not implicated.  *Id.* at *3.

This Court finds the reasoning and the decision in *Apple* to be particularly persuasive.  Like the request for packing and storing charges in that case, Plaintiffs in this case seek reimbursement for the cost of having a commercial superintendent on the property for three months.  Like the insurer in *Apple*, Lloyds asserts in this case that the SFIP does not cover this expense.  The dispute is whether this expense is covered, not whether $39,000.00 is a reasonable cost for the superintendent.  As a result, there is a dispute regarding coverage for (at least) this item.  Because the parties do not agree about whether this item is covered, the dispute does not relate exclusively

to the actual cash value of the loss or its replacement value and does not implicate the appraisal clause.

### III.   CONCLUSION AND ORDER

The parties in this case dispute, *inter alia*, whether the presence of a commercial superintendent on site for three months is covered by the SFIP. As a result, the dispute is not limited to the actual cash value or replacement cost of items as to which coverage is not contested. The appraisal clause is not implicated and it is hereby

**ORDERED** that Plaintiff's Motion to Compel Appraisal [Doc. # 15] is **DENIED**. The case remains scheduled for docket call on **November 17, 2011**.

SIGNED at Houston, Texas, this 13th day of **October, 2011**.

_____
Nancy F. Atlas
United States District Judge